People v Brown (2024 NY Slip Op 51185(U))

[*1]

People v Brown (Laura)

2024 NY Slip Op 51185(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, PHILLIP HOM, JJ

2022-832 Q CR

The People of the State of New York, Respondent,
against
Laura Brown, Appellant. 

Appellate Advocates (Russ Altman-Merino of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Danielle M. O'Boyle of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the City of New York, Queens County (Kim Petersen, J.), imposed September 13, 2022, upon her conviction of aggravated unlicensed operation of a motor vehicle in the third degree, upon a plea of guilty.

ORDERED that the sentence is affirmed.
Defendant, while represented by counsel, pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), as a lesser included offense, in satisfaction of an accusatory instrument that had initially charged her with aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]), a class E felony, common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). In accordance with the terms of a plea agreement, the court sentenced defendant to pay a fine in the amount of $500. On appeal, defendant contends that her sentence was excessive and [*2]that a fine in the amount of $200, the minimum allowable under Vehicle and Traffic Law § 511 (1) (b), should have been imposed. 
Since defendant received the sentence for which she negotiated, she has no cause to complain on appeal (see People v Cooper, 17 AD3d 380 [2005]; People v Johnson, 78 Misc 3d 129[A], 2023 NY Slip Op 50292[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). In any event, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). 
Accordingly, the sentence is affirmed.
BUGGS, J.P., MUNDY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024